1  MICHELE BECKWITH
   Acting United States Attorney
2  R. ALEX CARDENAS
   ADRIAN T. KINSELLA
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6  Attorneys for Plaintiff
   United States of America

7

8              IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-00061-DJC |
12 | Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |
13 | v. | |
14 | LEO ALPHONZO ALONSO-MEDINA, | |
15 | Defendant. | |

16

17 | UNITED STATES OF AMERICA, | CASE NO. 2:25-cr-00062-DJC |
18 | Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |
19 | v. | |
20 | CARLOS OSVALDO HIGUERA-ALDANA; | |
21 | Defendant. | |

22

23 | UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-00063-WBS |
24 | Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |
25 | v. | |
26 | JEREMIAH I'AMAFANA SALANOA; | |
27 | Defendant. | |

28

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>    v.<br><br>DORETEO SUASTEGUI;<br><br>                      Defendant. | CASE NO. 2:25-CR-00064-DAD;<br><br>STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |

## I.    STIPULATION FOR PROPOSED PROTECTIVE ORDER

1. Defendants are charged in these matters with assorted drug trafficking and firearms violations. All defendants are currently detained pending trial. On March 17, 2025, the United States filed a notice of related cases in each case. As of the submission of the stipulation, the Court has not yet related these cases.

2. As stated in its Notice of Related Cases, the United States has represented that these four matters share a common set of facts, witnesses, and evidence. As set forth in each respective complaint, this evidence includes the use of a confidential informant ("CI") to assist the FBI in its investigation of these defendants, as well as its greater investigation into the Brown Brotherhood street gang. The United States has represented that the discovery in these related cases is replete with CI materials and other materials containing extensive PII.

3. Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendant and the charged offenses to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

Definitions

4. The parties agree to the following definitions:

    a. "CI Materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, prior criminal history, statements, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license

number, account number, or telephone number.

    b. For the purpose of this Protective Order, "PII Materials" includes any information that can be used to identify a person (excluding defendant's own name, the name of any co-defendant publicly named in an Indictment in the Eastern District of California, and the name of any law enforcement officer participating in the investigation or preparation of reports produced by the government as part of the discovery materials), including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

<u>Terms of the Protective Order</u>

5. The United States will identify discovery materials as Protected Information by marking such materials "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information. The government shall exercise reasonable care in determining which discovery materials should be designated as Protected Information in order to avoid the over-designation of discovery materials as Protected Information.

6. To ensure that Protected Information is not subject to unauthorized disclosure or misuse, defense counsel, their investigators, assistants, employees, and independent contractors (collectively, "the Defense Team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to any discovery material produced by the government that contains Protected Information, unless the Protected Information has first been **entirely redacted** from the discovery materials. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

7. The Defense Team may show witnesses Protected Information in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such

information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness Protected Information. Witnesses may only view Protected Information in the presence of the Defense Team. No witness or potential witness may retain copies of discovery material that contains Protected Information after his or her review of those materials with the Defense Team is complete.

8.  Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the Defense Team, and any experts who receive Protected Information under this Order shall be provided a copy of this Order along with those materials and shall sign and date the order reflecting their agreement to be bound by it.

9.  The Defense Team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by not divulging the contents or permitting anyone to see Protected Information except as set forth in this Protective Order.

10.  The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

11.  This Order shall also apply to any copies made of any materials covered by this Order.

12.  If a party files a pleading that contains or attaches Protected Information subject to this Order, the Protected Information must be filed under seal (accompanied by a request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

13.  After any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant shall either destroy discovery materials containing Protected Information (including any copies) within 30 days if the defendant consents to such destruction, or retain the Protected Information and ensure that the Protected Information will continue being kept under the conditions specified in this Order. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

14. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Protected Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall be bound by this Order.

15. This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

IT IS SO STIPULATED.

Dated:  March 26, 2025                MICHELE BECKWITH
                                      Acting United States Attorney


                                      By: /s/ Adrian T. Kinsella
                                      R. ALEX CARDENAS
                                      ADRIAN T. KINSELLA
                                      Assistant United States Attorneys


Dated:  March 26, 2025                /s/ Noa Oren
                                      Noa Oren
                                      Assistant Federal Defender
                                      Counsel for Defendant
                                      LEO ALPHONZO ALONSO-MEDINA;


Dated:  March 26, 2025                /s/ Candice L. Fields
                                      Candice L. Fields
                                      Counsel for Defendant
                                      CARLOS OSVALDO HIGUERA-ALDANA


Dated:  March 26, 2025                /s/ Todd Leras
                                      Todd Leras
                                      Counsel for Defendant
                                      JEREMIAH I'AMAFANA SALANOA

Dated:  March 26, 2025                /s/ Olaf W. Hedberg
                                      Olaf W. Hedberg
                                      Counsel for Defendant
                                      DORETEO SUASTEGUI

**ORDER**

The Court, having read and considered the Stipulation and Joint Request for a Protective Order, which is incorporated by reference into this Order in full, hereby finds that GOOD CAUSE exists pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure to enter the above Order.

IT IS SO FOUND AND ORDERED

Dated: March 26, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE