LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, CA 95814
Telephone: (916) 969-9370

Attorney for Defendant
JEREMIAH SALANOA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JEREMIAH I'AMAFANA SALANOA,<br>Defendant. | CASE NO. 2:25-CR-00063 DJC<br>**STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br>Date: November 19, 2026<br>Time: 9:00 a.m.<br>Court: Hon. Daniel J. Calabretta |

Plaintiff United States of America and Defendant Jeremiah Salanoa, through their respective attorneys, request for the reasons stated below that the status conference set for November 19, 2026, be continued by the Court for further status conference/potential change of plea hearing on February 4, 2027:

1. This case involves, among other allegations, that Defendant participated in several controlled substance distribution operations with a confidential source supervised by the FBI in Solano County. The FBI's investigation into the events charged in this case lasted approximately one year. The investigation included inquiries into the activities of several individuals in Vallejo, California. The investigation culminated in charges being pursued in federal and state courts against some of the subjects investigated by the FBI.

2. Jeremiah Salanoa is charged with the offense listed in this Indictment, as well as a state charges in Solano County Superior Court for conduct alleged to have occurred during the FBI's investigation of this matter.

3. Jeremiah Salanoa is being held in pre-trial detention at the Sacramento County Main Jail. The discovery materials produced by the government in this matter are voluminous, consisting of more than 150 gigabytes of data, including law enforcement reports, photographs, video and audio recordings, and other materials. (ECF Document 21). All discovery materials are subject to a protective order (ECF Document 17), requiring defense counsel to retain possession of all items containing protected information, primarily related to personal identifying information as to the confidential source and witnesses.

4. The United States Attorney's Office recently provided a proposed resolution to Mr. Salanoa. The resolution includes a proposal for a potential global resolution – applying both to this case and the Solano County Superior Court action referred to in paragraph Two, above.

5. Defense counsel believes that simultaneous resolution of the state and federal matters may be in Mr. Salanoa's best interest. Defense counsel requested that the government provide supplemental information regarding the state case. This request for information is designed to ensure that Mr. Salanoa has had the opportunity to discuss fully his potential defenses to the state matter. The government has agreed to provide defense counsel with the requested information.

6. Based on the information set out in the previous two paragraphs, defense counsel requires additional preparation time. This time is needed to obtain the supplemental information, complete defense investigation of any matters related to the supplemental

information, and to discuss the information and investigation results with Mr. Salanoa. Each of these steps is required before Mr. Salanoa is prepared to proceed with a change of plea.

7. Defendant Salanoa therefore requests to vacate the status conference scheduled for November 19, 2026. Defendant Salanoa further requests to set a status conference/potential change of plea hearing on February 4, 2027, at 9:00 a.m., and to exclude time between November 19, 2026, and February 4, 2027, inclusive, under Local Code T-4. The United States does not oppose this request.

8. Attorney Todd Leras represents and believes that failure to grant additional time as requested would deny Defendant Salanoa the reasonable time necessary for effective preparation, considering the exercise of due diligence.

9. Based on the above-stated facts, Defendant Salanoa requests that the Court find that the ends of justice served by continuing the case as requested outweigh the best interest of the public and the Defendant in a trial within the time prescribed by the Speedy Trial Act.

10. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., within which trial must commence, the time period of November 19, 2026, to February 4, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), and (B) (iv) [Local Code T-4] because it results from a continuance granted by the Court at Defendant Salanoa's request on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

11. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the

period within which a trial must commence.

Assistant U.S. Attorney Adrian Kinsella has reviewed this stipulation and authorized Attorney Todd D. Leras via email to sign it on behalf of the United States.

Dated: November 16, 2026

*/s/ Todd Leras*

TODD LERAS
Attorney for Defendant
JEREMIAH SALANOA

Dated: November 16, 2026

ERIC GRANT
United States Attorney

By: *_/s/ Todd Leras for_*

ADRIAN KINSELLA
Assistant United States Attorney
(Per email authorization)

**ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its Order. It is hereby ORDERED that the status conference hearing, presently set for November 19, 2026, shall be continued for a further status conference potential change of plea hearing on February 4, 2027, at 9:00 a.m.

Based on the representations of the parties in their stipulation, the Court finds that: (1) the failure to grant this requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (2) the ends of justice served by continuing the case as requested outweigh the best interests of the public and the defendant in a speedy trial.

The Court hereby orders that for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which the trial of this case must commence, the time period from the date of this stipulation, November 19, 2026, up to and including February 4, 2027, shall be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) and B(iv) and Local Code T4 to allow defense counsel reasonable time necessary to prepare.

IT IS SO ORDERED.

Dated: November 16, 2026

/s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE